**SO ORDERED.**

**SIGNED this 11th day of January, 2008.**

_____
**LEIF M. CLARK
UNITED STATES BANKRUPTCY JUDGE**

_____

# United States Bankruptcy Court
### Western District of Texas
### San Antonio Division

| | |
|---|---|
| IN RE<br><br>RUSSELL KEITH DICK AND<br>MARION LYNN DICK<br><br>*DEBTORS* | BANKR. CASE NO.<br><br>05-56186-LMC<br><br><br>CHAPTER 13 |

### ORDER OVERRULING DEBTORS' MOTION TO MODIFY AS UNTIMELY

CAME ON for hearing on January 10, 2008 the foregoing matter. The debtors filed a voluntary petition under chapter 13 on October 3, 2005 (Doc. #1), and their plan was confirmed on March 10, 2006. (Doc. #22). In the time since confirmation, the debtors' plan has become infeasible due, at least in part, to the filings of additional claims. On November 5, 2007, the chapter 13 trustee filed a motion to dismiss the debtors' case, asserting cause under section 1307(c)(6). *See* 11 U.S.C. § 1307(c)(6) (2007) ("material default by the debtor with respect to a term of a confirmed plan"). Shortly thereafter, the matter was set for hearing on January 10, 2008. In response to the trustee's motion to dismiss, the debtors filed a motion to modify their plan on December 17, 2005.

(Doc. #45).[1] The trustee asserts that this motion to modify must be overruled, as it was filed after the deadline set by the Standing Order for Chapter 13 Practices in San Antonio (the "Standing Order"). *See* Order 05-04, Amended Standing Order Relating to Chapter 13 Practices in San Antonio Division (Nov. 7, 2005) (available on this court's website at http://www.txwb.uscourt.gov/). According to paragraph 14(e) of the Standing Order, a debtor's motion to modify in response to the chapter 13 trustee's motion to dismiss a case "must be filed and served not less than twenty-five (25) days prior to the scheduled hearing on the Trustee's Motion to Dismiss." *See id.*

The question posed to the court is whether the debtor's motion, filed on December 17, 2007, was timely under the Standing Order. The trustee correctly cites to Bankruptcy Rule 9006(a) for the standard of calculating the deadline. That rule states:

> In computing any period of time prescribed or allowed by these rules or . . . by order of court . . . the day of the act, event, or default from which the designated period of time begins to run shall not be included. *The last day of the period so computed shall be included, unless it is a Saturday, a Sunday,* or a legal holiday . . . .

Fed. R. Bankr. P. 9006(a) (emphasis added). According to the trustee, the "day of the act" is the date of the scheduled hearing date — January 10, 2008. The debtors do not dispute that Rule 9006(a) applies here, nor do they dispute that January 9, 2008 is the first date of the 25-day computation. The crux of the matter is that when one counts 25 days *backward*, the "last day of the period" falls on a Saturday (December 15, 2007). The rule says that the deadline cannot fall on a Saturday. The parties agree that the deadline, then, should fall on the "next day" but disagree about which date the "next day" is. The trustee claims that it is Friday, December 14, 2007 (the previous day). The

---

[1] The debtors recently filed an amended motion (Doc. #46), and the trustee agreed to reset the hearing over his motion to dismiss until the next regularly scheduled chapter 13 dismissal docket. The trustee's willingness to reset the hearing over his motion, however, does not resolve the timeliness of this motion.

-2-

debtors contend that it is quite literally the *next* countable day of the week — Monday, December 17, 2007. Rule 9006 does not seem to have contemplated counting backward, and both conclusions are reasonable under the circumstances. But, alas, there can be only one deadline, and this court must decide which date that was under Rule 9006 and the Standing Order.

Because the calculation of this deadline requires counting backward, the court finds that the determination of this "next day" should continue counting backward. Therefore, when, as was the case here, the 25th day falls on a Saturday, Sunday, or holiday, the deadline must be the next countable day *before* the 25th day. That date was December 14, 2007, as the trustee correctly argues. The debtors' motion, filed on December 17, 2007, was therefore untimely and is hereby OVERRULED as such.

# # #